IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRANDON KYLE JOHNSON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-379-RAH-JTA |
| | ) | |
| JASON REEVES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE</u>

This matter is before the court for screening prior to service of process pursuant to 28 U.S.C. § 1915(e).  The plaintiffs, proceeding *pro* se, filed a generally incoherent complaint which purports to allege claims against Eric James Ernsberger, Mathew S. Raiti, Randall Barr and Jason Reeves.  (Doc. No. 1.)  This action was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636.  (Doc. No. 4.)

For the reasons stated herein, the undersigned finds that this action is due to be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.    STANDARD OF REVIEW

Title 28 U.S.C. § 1915(e)(2) requires a federal court to dismiss an action if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3)

seeks monetary relief against a defendant who is immune from such relief.  The purpose of section 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  A dismissal pursuant to section 1915(e)(2) may be made *sua sponte* by the court prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering frivolous complaints.  *Id.* at 324.

A complaint is frivolous under § 1915(e)(2)(B)(i) where it "lacks an arguable basis either in law or in fact."  *Id.* at 325.  In other words, a complaint is frivolous when it "has little or no chance of success" – for example, when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless."  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a legal right that clearly does not exist.  *Neitzke,* 490 U.S. at 327.  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)); *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' " or if it "tenders 'naked assertions' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). In short, the complaint must provide a " 'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.' " *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, a plaintiff's *pro se* status must be considered when evaluating the sufficiency of a complaint. "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

3

(quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Yet any leniency cannot serve as a substitute for pleading a proper cause of action.  *See Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015) (recognizing that although courts must show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action").  "While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted).

## II.   FACTUAL ALLEGATIONS

On June 4, 2020, Plaintiffs Brandon-Kyle Johnson and Michael-Everet Dennison, proceeding *pro* se, filed a Complaint with three attachments. [1]  (Doc. No. 1 to Doc. No. 1-3.)  The Complaint consists of a two-page form specifically designed for *pro se* plaintiffs accompanied by a ten-page "affidavit."  (*See* Doc. No. 1.)  In the form Complaint, the plaintiffs allege that their civil rights were violated on December 5, 2019 and name Jason Reeves, Eric James Ernsberger, Mathew S. Raiti and Randall Barr, all in their personal capacities, as the defendants.  (*Id*. at 1-2.)  The plaintiffs do not provide any factual allegations nor list the relief requested in the form Complaint as it merely states "see

---

[1] The attachments to the Complaint are listed as follows: (1) Memorandum of Law on Arrest Without Warrant, (2) Durable Power of Attorney, and (3) File on Demand.  (Doc. No. 1-1 to Doc. No. 1-3.)

attached" in the designated sections. (*Id*. at 1-2.)  The ten-page affidavit, which is largely

unintelligible, recites facts relating to the arrest of an unidentified "Plaintiff" by a Troy

City Police Officer for a "falsified" failure to appear warrant during a traffic stop on

December 5, 2019. (*Id*. at 4-5.)  This document also does not identify the arresting officer

but merely refers to that person as "the Defendant."  (*Id*.)  This document contains

allegations that the unidentified "Plaintiff" was "unlawfully detained," "illegally searched,"

and "handcuffed without a warrant" in violation of "Plaintiff's rights and the constitutional

provisions of due process of law." [2]  (*Id*.)  It also contains allegations that the unidentified

"Plaintiff" was "kidnapped by Troy City Municipality, Pike County Jail, Pike County

Clerk's Office, Pike County Sheriff's Office, Pike County District Attorney's Office [and

the] Pike County District Judges Office." (*Id*. at 5.)  The document includes three identified

"counts" against "the Defendant," including two false imprisonment claims under Alabama

law, and a claim for assault and battery. (*Id*. at 5-6.)  The document then lists over 60

federal statutes and state laws, including criminal and civil laws, that range from slavery

---

[2] It appears that the unidentified plaintiff in these events is Plaintiff Johnson. (*See* Doc. No. 1-1, Memorandum of Law on Arrest Without Warrant.)  Also, Plaintiff Johnson is in custody at the Pike County Sheriff's Office, and has been since December 5, 2019, awaiting trial for numerous charges, including promoting prison contraband, attempting to elude, possession of drug paraphernalia, trafficking methamphetamine, and possession or receipt of a controlled substance. *See* http://www.pikecountyalsheriff.com/roster_view.php?booking_num=103565.  (last visited July 17, 2020).  His bond is over $1 million. (Doc. No. 6 at 5) ("Been in Pike County Jail under one million dollars and twelve thousand bond.")

to civil conspiracy under 42 U.S.C. § 1985 to right of liberty under the State of Alabama Constitution.  (*Id.* at 7-10.)

The document contains language frequently used by individuals claiming to be "sovereign citizens," including references to "federal reserve notes," "free man without the United States" and the Uniform Commercial Code.  The plaintiffs seek $500,000 per hour in "federal reserve notes," for a three-hour minimum, for "private contracted services" and $1 million per hour in "federal reserve notes," with a three-hour minimum, for the alleged unlawful arrest.  (*Id.* at 10.)

## III.   DISCUSSION

The court has carefully reviewed the Complaint in this case pursuant to 28 U.S.C. § 1915(e).  Upon review, the court finds that the Complaint is frivolous and fails to state a claim on which relief may be granted.  Consequently, the Complaint is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

First, to the extent the plaintiffs attempt to bring claims under 42 U.S.C. § 1983,[3]

---

[3] 42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

the Complaint falls woefully short of stating a claim for relief even under a very liberal construction.  To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  In addition, for liability under § 1983, a plaintiff must allege an affirmative causal connection between the defendant's conduct and the alleged constitutional deprivation.  *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 999 (11th Cir. 1995).  Nothing in the plaintiffs' Complaint asserts a constitutional right upon which the defendants infringed.  The plaintiffs merely list separately the names of the defendants and various claims, but fail to set forth any factual allegations to show how each defendant violated their constitutional rights.  Because there is insufficient factual support for the plaintiffs' legal conclusions, the Complaint fails to state a claim under § 1983 on which relief may be granted.

Second, to the extent the plaintiffs attempt to bring claims under 42 U.S.C. § 1985, the Complaint fails to state a claim for relief that is plausible on its face.  To make out a claim under the first clause of 42 U.S.C. § 1985(3)—the only clause potentially applicable here—a plaintiff must allege:

> (1) defendants engaged in a conspiracy; (2) the conspiracy's purpose was to directly or indirectly deprive a protected person or class the equal protection of the laws, or equal privileges and immunities under the laws; (3) a conspirator committed an act to further the conspiracy; and (4) as a result,

the plaintiff suffered injury to either his person or his property, or was deprived of a right or privilege of a citizen of the United States.

*Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304, 1312 (11th Cir. 2010) (citing *Johnson v. City of Ft. Lauderdale*, 126 F.3d 1372, 1379 (11th Cir. 1997)).  The plaintiffs' Complaint is devoid of factual allegations plausibly showing a conspiracy of two or more defendants with the purpose of depriving the plaintiffs of equal protection of the laws or of equal privilege and immunities under the laws.   The Complaint is additionally deficient specifically as to the second element because it fails to sufficiently allege a discriminatory animus "lay[ing] behind the conspirators' action."  *See Jones v. CitiMortgage, Inc.*, 666 F. App'x 766, 773 (11th Cir. 2016) (per curiam) (plaintiff failed to state a claim for relief under Section 1985(3) because, "[a]mong other problems, his allegations are insufficient to show the existence of a conspiracy that was premised on any racial or class-based animus").  Accordingly, the Complaint fails to state a claim under § 1985(3) on which relief may be granted.

Third, regarding the list of federal criminal statutes, such as 18 U.S.C. § 242, "[a]bsent some expression of Congressional intent to create a private right of action, a plaintiff cannot maintain a civil claim against a defendant for violation of a federal criminal statute."  *Johnson v. Champions*, 990 F. Supp. 2d 1226, 1245 (S.D. Ala. 2014) (citing *Adventure Outdoors, Inc. v. Bloomberg,* 552 F.3d 1290, 1303 (11th Cir. 2008) (rejecting notion that Congress authorized "a federal private right of action any time a civil plaintiff

invokes a federal criminal statute")).  Hence, the Complaint fails to state a claim on which relief may be granted on this basis.

Fourth, the plaintiffs' substantive submissions to the court are frivolous.  Although the plaintiffs do not specifically identify themselves as "sovereign citizens," their "filings here are replete with the legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign-citizen movement." *Sealey v. Branch Banking and Trust Company*, No.: 2:17cv785-MHT-SMD, 2019 WL 1434065, at *2 (M.D. Ala. 2019); *see also Banks v. Fla.*, No. 2:19-cv-756-FtM-38NPM, 2019 WL 7546620, at *2 (M.D. Fla. 2019) ("Though adorned with pseudo-legalese, the complaint in this action is simply nonsensical.").  Sovereign citizens "believe they are not subject to the jurisdiction of the courts and [ ] frequently deny that they are the defendants in the action, instead referring to themselves as third-party intervenors . . . .  Courts have been confronted repeatedly by their attempts to delay judicial proceedings and have summarily rejected their legal theories as frivolous."  *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013).  Indeed, the Eleventh Circuit has repeatedly found "sovereign citizen" legal theories to be frivolous. *See, e.g., Trevino v. Florida*, 687 F. App'x 861, 862 (11th Cir. 2017) (per curiam) (finding plaintiff's sovereign citizen arguments frivolous and "clearly baseless"); *Linge v. State of Georgia Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) (finding the sovereign citizen argument to be "wholly insubstantial and frivolous").  Lower federal courts have reached the same conclusion.  *See, e.g., Brown v. Georgia*, No. CV419-246, 2019 WL 5619010, at

9

*1 (S.D. Ga. Oct. 2, 2019), *report and recommendation adopted*, No. CV419-246, 2019 WL 5618419 (S.D. Ga. Oct. 30, 2019) ("sovereign citizen ramblings are nothing more than a frivolous attempt to avoid the statues, rules, and regulations that apply to all litigants and have been consistently rejected by the federal courts"); *Roach v. Arrisi,* No.: 8:15–cv– 2547–T–33AEP, 2016 WL 8943290 at *2 (M.D. Fla. 2016) (noting that sovereign citizen theories have not only been consistently rejected by the courts, but they have been described as "utterly frivolous," "patently ludicrous," and "a waste of . . . the court's time, which is being paid for by hard-earned tax dollars") (citation omitted); *Larkins v. Montgomery Cty. Circuit Court*, No. 2:19-CV-281-MHT-WC, 2020 WL 2744116, at *3 (M.D. Ala. Apr. 21, 2020), *report and recommendation adopted*, No. 2:19CV281-MHT, 2020 WL 2739821 (M.D. Ala. May 26, 2020) (rejecting sovereign citizen theory as frivolous).  Accordingly, the plaintiffs' Complaint is a frivolous sovereign citizen claim that is due to be dismissed.

## IV.   CONCLUSION

Based on the foregoing, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that **on or before August 3, 2020**, Plaintiffs may file objections to this Recommendation.  Plaintiffs must specifically identify the factual findings and legal

conclusions in the Recommendation to which the objection is made.  Plaintiffs are advised that frivolous, conclusive, or general objections to the Recommendation will not be considered.  This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of these legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 17th day of July, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

11